UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-60617-CV-ALTMAN
MAGISTRATE JUDGE REID

PHILANDER PHILIPPEAUX,

     Plaintiff,

v.

CITY OF CORAL SPRINGS, *et al.,*

     Defendants.

_____/

## REPORT OF MAGISTRATE JUDGE RE
## CITY OF CORAL SPRINGS' MOTION TO DISMISS [ECF 40] AND
## MOTION TO STRIKE [ECF 47],
## PLAINTIFF'S MOTIONS FOR SANCTIONS [ECF 43] AND
## MOTION FOR SUMMARY JUDGMENT [ECF 44], AND
## SCREENING OF PLAINTIFF'S AMENDED COMPLAINT [ECF 37]

## I. Introduction

Plaintiff, **Philander Philippeaux,** has filed a *pro se* amended civil rights complaint, pursuant 42 U.S.C. § 1983, against the Defendants: (1) the City of Coral Springs; (2) Officer Rojas; and, (3) unnamed officers. [ECF 37, pp. 1-2]. He alleges claims for (1) intentional infliction of emotional and mental distress arising from the falsification of records (Counts I and II); (2) false invasion of privacy (Count 3); and, (3) defamation. [*Id.,* pp. 2-3]. Plaintiff is not proceeding *in forma pauperis,* having paid the Clerk's $400.00 filing fee. [ECF 3].

Prior to entry of a report screening the amended complaint in accordance with the Prison Litigation Reform Act ("PLRA"), the City filed a motion to dismiss [ECF 40], raising the following arguments:

1.    The amended complaint violates Fed. R. Civ. P. 8 because it fails to provide sufficient notice of the claim and grounds upon which its rests [ECF 40, p. 3-4].

2.    The amended complaint fails to allege facts that the City had a custom and policy in place to violate the constitutional rights of individuals, like the Plaintiff. [*Id.,* p. 4-5].

3.    The claim that the City failed to train its police officers fails as a matter of law. [*Id.,* pp. 5-6].

4.    The complaint is barred by the four-year statute of limitations and must be dismissed with prejudice. [*Id.,* p. 7].

Plaintiff has filed a response to the motion, opposing dismissal. [ECF 42]. The City has filed a reply. [ECF 45]. Plaintiff has also filed a motion for sanctions [ECF 43] and a motion for summary judgment [ECF 44], and the City has filed a motion to strike [ECF 47] the summary judgment motion.

For the reasons discussed below, the City of Coral Springs' motion to dismiss [ECF 40] should be GRANTED, and the amended complaint [ECF 37] dismissed because it is an impermissible "shotgun pleading," and fails to state a claim upon which relief can be granted. The Plaintiff's motion for sanctions [ECF 43] and motion for summary judgment [ECF 44] should be DENIED. The City's motion to strike [ECF 47] Plaintiff's summary judgment motion should be DENIED, as moot.

This case has been referred to the undersigned for issuance of all preliminary orders and recommendations to the district court regarding dispositive motions. *See* 28 U.S.C. § 636(b)(1)(B), (C), Fed. R. Civ. P. 72(b), S.D. Fla. Local Rule 1(f) governing Magistrate Judges, and S.D. Fla. Admin. Order 2019-02.

## II. Legal Standard of Review

Because Plaintiff is a federal prisoner**,** seeking redress from governmental entities, employees, or officers, his complaint is subject to screening under 28 U.S.C. §1915A, which does not distinguish between IFP plaintiffs and non-IFP plaintiffs. *See* 28 U.S.C. §1915A; *Thompson v. Hicks*, 213 F. App'x. 939, 942 (11th Cir. 2007)(*per curiam*). Pursuant to 18 U.S.C. § 1915A, a case is subject to dismissal where a plaintiff seeks redress from the government if the complaint fails to state a claim on which relief may be granted. *Id*. To state a claim for relief under § 1983, Plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). In order to "avoid dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Wright v. Miranda,* 740 F. App'x 692, 694 (11th Cir. 2018)(citing *Waldman v. Conway,* 871 F.3d 1283, 1289 (11th Cir. 2017)(*per curiam*). Although a *pro se* pleading is liberally construed, it must still "suggest that there is some factual support for a

claim." *Id.* Thus, the allegations in a complaint require more than mere labels and legal conclusions. *Quality Auto Painting Center of Roselle, Inc. v. State Farm Indemnity Co.,* 917 F.3d 1249, 1262 (11th Cir. 2019).

A district court is not required to "rewrite an otherwise deficient pleading in order to sustain an action." *Rodriguez v. Scott,* No. 18-13675, 2019 WL 2323794, at *3 (11th Cir. May 31, 2019)(quoting *Campbell v. Air Jamaica Ltd.,* 760 F.3d 1165, 1169 (11th Cir. 2014)) (internal quotation marks omitted) (citation omitted). Moreover, "[P]recedent also teaches, however, that a court, of course, should not abandon its neutral role and begin creating arguments for a party, even an unrepresented one." *Sims v. Hastings*, 375 F.Supp.2d 715, 718 (N.D. Ill. 2005)(citing *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). When read liberally, a *pro se* pleading "should be interpreted 'to raise the strongest arguments that [it] suggest[s].'" *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996)(quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

Pursuant to Fed. R. Civ. P. 8(a)(2), a complaint must include a short and plain statement of the claim which shows that the pleading party is entitled to relief. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Where the litigant is *pro se,* the pleadings may be constructed with leniency; the *pro se* pleadings must still comply with standards required by the procedural rules. *See Albra v. Advan, Inc.,* 490 F.3d 826, 829 (11th Cir. 2007)(*per curiam*)(finding motion was properly dismissed where

*pro se* plaintiff failed to serve defendant with a copy of the complaint, in violation of Fed. R. Civ. P. 4)(citing *Loran v. Sasser,* 309 F.3d 1296, 1304 (11th Cir. 2002)).

To survive a motion to dismiss brought pursuant to Fed. Civ. P. 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). This means that the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a court must accept well-pleaded facts as true, conclusory statements, "are not entitled to the assumption of truth," and "legal conclusions must be supported by [the] factual allegations." *Randall v. Scott,* 610 F.3d 701, 709-10 (11th Cir. 2010). A pleading should be construed broadly, *Levine v. World Fin. Network Nat'l Bank,* 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint viewed in the light most favorable to Plaintiff. *Bishop v. Ross Earle & Bonan, P.A.,* 817 F.3d 1268, 1270 (11th Cir. 2016).

### III. Factual Allegations

On August 28, 2019, Plaintiff filed his *pro se* Amended Complaint. [ECF 37]. Plaintiff sues the  City of Coral Springs ("the City"),  Officer Rojas, and unnamed Defendants. [*Id.,* pp. 1-2]. Plaintiff brings a claim against the City for failure to train its employees, conspiracy to defame, and invasion of privacy. [*Id.,* p. 1]. He sues

Officer Rojas for conspiracy to falsify arrest records and commit perjury, for unlawful arrest, and violation of due process. [*Id.*].

The Amended Complaint alleges that on March 29, 2014, Plaintiff was stopped and taken into custody by Officer Rojas on a warrant from the U.S. Marshals. [*Id.*]. He alleges Officer Rojas conspired with others, known and unknown, to falsify arrest records, changing the records from "traffic stop and active capias," to intimidating and threatening a witness informant, obstructing justice, and tampering with evidence. [*Id.,* 1-2]. He further alleges that Officer Rojas altered the nature of the vehicular traffic stop so that the offense, a simple traffic violation, was unlawfully enhanced. [*Id.,* p. 2]. He maintains this fraudulent record was then forwarded to DEA Agent Wulff in New York, where it was then used by Prosecutor Muckin in criminal proceedings to deny Plaintiff his right to due process. [*Id.*].

In Counts I through IV, Plaintiff incorporates by reference the prior allegations. [*Id.,* pp. 2-3]. In Counts I and II, Plaintiff specifically states that, as a result of the alleged constitutional violations, he suffered "intentional mental distress," "degradation," and "intentional infliction of emotional distress." [*Id.*, pp. 2-3]. In Count III, Plaintiff alleges that he suffered "false light invasion of privacy," pain, and suffering. [*Id.,* p. 3]. In Count IV, Plaintiff raises a claim of defamation. [*Id.*].

Notably, Plaintiff was convicted by a jury in the New York criminal case of conspiracy to distribute and possession with intent to distribute five kilograms or more of cocaine and conspiracy to import five kilograms or more of cocaine into the United States. *See United States v. Philippeaux,* No. 16-341-Cr, 694 F. App'x 838 (2d Cir. Jun. 1, 2017)(unpub.).

### IV. Discussion

### A. Dismissal as Shotgun Pleading

Before addressing the merits of the City's motion to dismiss, this Amended Complaint should be dismissed with prejudice because it is an "incomprehensible shotgun pleading," raising multiple claims in conclusory fashion. *See e.g., Jackson v. Bank of America*, 898 F.3d 1348, 1356 (11th Cir. 2018)(finding shotgun pleading obstructed the administration of justice). The allegations fail to provide the named defendants with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. at 555(quotation omitted)(ellipses in original).

A claim for relief "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(internal quotation marks omitted). A "claim has factual plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Additionally,

each separate claim should be presented in a separate numbered paragraph, with each paragraph "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

The Amended Complaint does not give the City, Officer Rojas, or the unnamed Defendants fair notice of the numerous claims or of the facts upon which the claims are based, and is replete with conclusory legal labels, many of which have little to no supporting facts. *See Weiland v. Palm Beach Cnty. Sheriff's Office,* 792 F.3d at 132. Plaintiff does not clearly assign any particular constitutional act or omission to the named defendants, other than to suggest they have committed numerous violations, many of which are sounding in state law, and all of which are bare and conclusory. The complaint's numerous conclusory legal allegations, and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," do not suffice to state a plausible claim to relief. *See Ashcroft v. Iqbal,* 566 U.S. at 678. For all of the foregoing reasons, the Amended Complaint should be dismissed, pursuant to §1915A, for failure to state a claim upon which relief can be granted.

It is true that, as set forth above, a *pro se* prisoner should generally be granted leave to amend before a complaint is dismissed; and, the court should generally identify the pleading deficiencies and what is necessary to cure them. However, "denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." *Burger King Corp. v. Weaver,* 169 F.3d 1310, 1320 (11th

- 8 -

Cir. 1999)(quoting *Halliburton & Assoc., Inc. v. Henderson, Few & Co.,* 774 F.2d 441, 444 (11th Cir. 1985)). The current Amended Complaint [ECF 37] is a shotgun pleading, insufficient to state a claim under § 1983. Because Plaintiff has previously been granted several opportunities to cure the deficiencies in his filings and has failed to do so, the dismissal of this action should be with prejudice.

### B. The City of Coral Spring's Motion to Dismiss - [ECF 40]

1. <u>Violation of Fed. R. Civ. P. 8</u>

The City argues that the Amended Complaint violates Fed. R. Civ. P. 8 because it fails to provide sufficient notice of the claim and grounds upon which it rests, resting on "legal claims" from which the City cannot form a responsive pleading. [ECF 40, pp. 3-4]. The City's argument is meritorious.

The complaint does not comply with Fed. R. Civ. P.  8, because it does not contain a "short and plain statement" showing Plaintiff is entitled to relief, not only as to the City, but also as to the remaining named Defendant, Officer Rojas. *See Jackson v. Bank of America, N.A.,* 898 F.3d at 1356. Allowing Plaintiff to proceed on this filing would harm "the court by impeding its ability to administer justice," and unnecessarily wastes "scarce judicial and parajudicial resources and, in a very real sense, amounts to obstruction of justice." *Jackson v. Bank of America, N.A.,* 898 F.3d at 1357, n.10 (quoting *Byrne v. Nezhat,* 261 F.3d 1075 (11th Cir. 2001),

*abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008)).

The allegations are bereft of factual support. They are mere legal conclusions which do not identify how the City or its employees, much less, Officer Rojas, violated Plaintiff's constitutional rights. Given the foregoing, the City's motion to dismiss should be granted for failing to comply with Fed. R. Civ. P. 8. For the same reasons, the Amended Complaint should also be dismissed against the remaining named Defendant, Officer Rojas, and any unknown Defendants.

2. No Unconstitutional Policy or Custom

The City argues that it is not liable under § 1983 because the plaintiff has not alleged facts to support a *Monell*[1] claim. [ECF 40, pp. 4-5]. The City claims there are no facts establishing that it had a long-standing widespread custom or policy permitting its employees to "intimidate, harass, defame, or otherwise harm citizens" like the Plaintiff, and that such a policy or custom was the "'moving force' behind Plaintiff's alleged constitutional deprivation." [*Id.*, pp. 4-5]. Also, the City argues correctly that an isolated incident is also insufficient to establish a custom or policy, and therefore relief is not warranted. [*Id.,* p. 5]. The City's arguments are meritorious, and the motion to dismiss should be granted as to the City and remaining named and unidentified Defendants.

---

[1]*See Monell v. Dep't of Social Services, etc.*, 436 U.S. 658, 691 (1978).

Plaintiff has filed a general response to this argument, opposing dismissal, suggesting that even if he has not properly stated a claim against the City, he is resting his argument on the arrest form and the national report of his arrest, to demonstrate that the City and Officer Rojas committed perjury. [ECF 42, p. 3]. Therefore, Plaintiff "opts not to respond," and provides no facts to explain how these two documents demonstrate that Plaintiff's constitutional rights have been violated. [*Id.*]. He further suggests that his claims are "simple, concise, and direct." [*Id.,* p. 4]. As previously explained, however, Plaintiff's amended complaint is legally insufficient.

In any event, the City is liable under § 1983 only if the City's custom, policy, or practice was the "moving force" or cause of the deprivation of Plaintiff's constitutional rights. See *Monell v. Dep't of Social Services,* 436 U.S. 658, 694 (1978); *Doe ex el. Doe v. City of Demopolis,* 461 F. App'x 915 (11th Cir. Mar. 20, 2012)(unpub.)(citing *Sewell v. Town of Lake Hamilton,* 117 F.3d 488, 489 (11th Cir. 1997). "A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality." *See Sewell v. Town of Lake Hamilton,* 117 F.3d at 489 (11th Cir. 1997)(citing *Brown v. City of Fort Lauderdale,* 923 F.2d 1474, 1479–80 (11th Cir.1991)). On the other hand, "[A] custom is a practice that is so settled and

permanent that it takes on the force of law." *See Sewell v. Town of Lake Hamilton,*
117 F.3d at 489 (citing *Monell,* 436 U.S. at 690–91).

Plaintiff has not alleged, let alone demonstrated, that the City had a policy or
custom in place that allowed police officers to violate the law by committing perjury.
Plaintiff's conclusory allegation that the City, or any of its unidentified employees
or agents, violated his constitutional rights is insufficient to sustain a § 1983 claim.
*See Hossman v. Blunk,* 784 F.2d 793 (7th Cir. 1986) (finding that boilerplate
allegations of municipal policy or custom without specific facts are insufficient);
*Gutierrez v. City of Hialeah,* 723 F. Supp. 1494 (S.D. Fla. 1989). Therefore, the
City's motion to dismiss should be granted as to the City and the named and
unnamed Defendants.

3. Failure to Train Claim

Plaintiff alleges that the City is liable for failing to train its police officers not
to commit perjury. [ECF 37, p. 1, ¶ 2]. The City argues that dismissal is warranted
because Plaintiff has not demonstrated that the failure to train allegation shows the
City was deliberately indifferent to the rights of its inhabitants. [ECF 40, pp. 6-7].
The City's argument is meritorious.

A claim against the City for failure to train is actionable under § 1983 if it is
shown that the City's failure to train demonstrates a "deliberate indifference to the
rights of its inhabitants." *See Sewell v. Town of Lake Hamilton,* 117 F.3d at 489-90

- 12 -

(alteration and quotation marks omitted). To establish deliberate indifference to the rights of its inhabitants, Plaintiff must allege that the municipality was aware of a need to train in a particular area and made a deliberate choice not to take any action. *See Lewis v. City of W. Palm Beach,* 561 F.3d 1288, 1293 (11th Cir. 2009). If the improper action  "is obvious to all without training or supervision, then the failure to train or supervise is generally not 'so likely' to produce a wrong decision as to support an inference of deliberate indifference." *See Franklin v. Tatum,* 627 F. App'x 761, 768 (11th Cir. Sept. 21, 2015)(unpub.)(citing *Sewell v. Town of Lake Hamilton*, 117 F.3d at 490).

Plaintiff has provided insufficient facts to establish that the City was deliberately indifferent towards the rights of its inhabitants, much less that it had knowledge that named and unnamed officers were engaging in acts of perjury. *See Doe ex rel. Doe v. City of Demopolis,* 461 F. App'x at 917 (citing *Floyd v. Waiters,* 133 F.3d 786, 796 (11th Cir. 1998), *vacated on other grounds by* 525 U.S. 802 (1998), *reinstated by* 171 F.3d 1264 (11th Cir. 1999). Accordingly, the City's motion to dismiss should be granted, and the amended complaint dismissed against the City and the named and unnamed Defendants, including Officer Rojas.

4. Dismissal as Time-Barred

The City next argues that dismissal of the complaint is warranted because the unconstitutional actions arose at the time of Plaintiff's arrest on March 29, 2014.

[ECF 40, p. 7]. Because Plaintiff's initial complaint was filed on March 8, 2019, and the amended complaint on August 28, 2019, the City argues the claims against the City are barred by the relevant four-year statute of limitations. [*Id.*].

Plaintiff claims this action is not time-barred because he did not become aware of the cause of action until 2016, when he reviewed his file with his "newly acquired skill." [ECF 42, p. 7].

Claims raised under § 1983 "are subject to the statute of limitations governing personal injury actions in the state in which the action was brought." *See Cardelle v. Miami-Dade Police Dep't,* No. 14-14580, 609 F. App'x 632, 632 (11th Cir. Jul. 14, 2015)(citing *De Young v. Owens,* 646 F.3d 1319, 1324 (11th Cir. 2011)); *Owens v. Okure,* 488 U.S. 235 (1989). Since this action was brought in Florida, the applicable statute of limitations period is four years, pursuant to Fla. Stat. § 768.28(14). *Cardelle,* 609 F. App'x at 632 (citing *Chappell v. Rich,* 340 F.3d 1279, 1283 (11th Cir. 2003)). However, "[t]he limitations period does not begin to run until 'the plaintiffs know or should know (1) that they have suffered the injury that forms the basis of their complaint and (2) who has inflicted the injury.'" *Cardelle,* 609 F. App'x at 632 (quoting *Chappell v. Rich,* 340 F.3d at 1283)).

The City is correct that any claim accrued at the time of Plaintiff's arrest on March 29, 2014. *See* [ECF 1, Ex. AR, p. 16]. Absent evidence to the contrary, this action was filed on March 6, 2019, when it was executed by Plaintiff and handed to

prison authorities for mailing in accordance with the mailbox rule, almost five years after his arrest in 2014.[2] *See* [ECF 1, p. 14]. As argued correctly by the City, this action is not timely, having been filed well over four years from the date the action arose on March 29, 2014. *See* [ECF 16, p. 5].

Plaintiff has not demonstrated that he is entitled to equitable tolling of the limitations period. *See Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 95-96 (1990)(finding equitable relief should be expanded only sparingly when claimant shows (1) he has been actively pursuing his judicial remedies by filing a defective pleading during statutory period or (2) where plaintiff has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass). Neither situation warranting equitable tolling has been alleged or shown here, and principles of equitable tolling "do not extend to what is at best a garden variety of excusable neglect." *See Irwin,* 498 U.S. at 96.

Plaintiff has not shown that he attempted to obtain the files within the statutory period nor that he exercised diligence in discovering his claims at any time during the limitations period. At best, his allegation is one of a garden variety of negligence, insufficient to toll the limitations period. Consequently, the City's motion to dismiss should be granted based on expiration of the statute of limitations. In addition,

---

[2]*Washington v. United States,* 243 F.3d 1299, 1301 (11th Cir. 2001); Fed. R. App. 4(c)(1).

dismissal of the remaining named and unnamed defendants is also warranted for the same reasons.

### C. Dismissal of Remaining Named and Unnamed Defendants under 1915A

In addition, screening under the PLRA of the amended complaint [ECF 37] reveals that dismissal is warranted as to claims against Officer Rojas and unnamed defendants for failure to state a claim upon which relief can be granted.

1. Section 1985 Conspiracy Claim

Plaintiff appears to allege that Officer Rojas conspired with others, known and unknown, to violate his civil rights by falsifying records or committing perjury. [ECF 37, p. 1].

Section 1985 provides a way to redress conspiracies to violate civil rights. *See* 42 U.S.C. § 1985; *Farese v. Scherer,* 342 F.3d 1223, 1230 (11th Cir. 2003). Section 1985(3) creates a cause of action for conspiracies that deprive any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws. *See* 42 U.S.C. §1985(3). In order to state a claim under § 1985(3), a plaintiff must allege facts showing "(1) a conspiracy, (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy, (4) whereby a person is either injured in his person or property of any right or privilege of a citizen of the United States." *See*

*Trawinski v. United Technologies,* 313 F.3d 1295, 1299 (11th Cir. 2002)(quoting *Childree v. UAP/GA CHEM, Inc.,* 92 F.3d 1140, 1146-47 (11th Cir. 1996)).

"The purpose of § 1985 was to stifle the serious class-based deprivations of constitutional rights by private parties, not to serve as a general federal tort law, and, as such, a claim under § 1985(3) requires the proof of invidious discriminatory intent as well as the violation of a serious constitutional right protected not just from official, but also from private encroachment." *See Trawinski v. United Technologies,* 313 F.3d at 1299 (citations omitted).

The complaint fails to allege that Officer Rojas had a meeting of the minds with any unknown or known individuals, and provides no factual basis to demonstrate the "existence of a 'racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" *See Lumpkin v. Att'y Gen'l, Fla.,* 703 F. App'x 715, 717 (11th Cir. 2017)(citing *Childree v. UAP/GA AG CHEM, Inc.,* 92 F.3d at 1147); *Griffin v. Breckenridge*, 403 U.S. 88, 96 (1971)(explaining-- in the context of section 1985(3)--that the "language requiring intent to deprive of equal protection, or equal privileges or immunities, means that there must be some . . . invidiously discriminatory animus behind the conspirators' action.").

As applied, the amended complaint fails to provide any facts to support a finding that Officer Rojas conspired with others to deprive Plaintiff of his

constitutional rights. Therefore, the § 1985 claim should be dismissed for failure to state a claim upon which relief can be granted.

2. Section 1986 Claim

To the extent Plaintiff means to raise a claim under section 1986, it warrants no relief. Under section 1986, Plaintiff must allege that any of the named defendants or their officials had "knowledge that any of the wrongs conspired to be done, and mentioned in § 1985 of this title, are to be committed, and having the power to prevent or aid in preventing the commission of the same, neglects or refuses to do so." *See Park v. City of Atlanta,* 120 F.3d 1159, 1159-60 (11th Cir. 1997)(quoting 42 U.S.C. § 1986). A section 1986 claim is "derivative of § 1985 violations," meaning that a § 1986 claim requires "the existence of a § 1985 conspiracy" to survive. *See Park v. City of Atlanta,* 120 F.3d at 1160.

Because Plaintiff has not alleged sufficient facts to support a § 1985 conspiracy claim, his § 1986 claim must be dismissed.

3. Defamation Claim - Count IV

Plaintiff raises a claim of defamation against Officer Rojas and unnamed Defendants. [ECF 37, p. 3]. . "Defamation is among the 'historic and traditional categories of expression long familiar to the bar' that fall outside the protection of the First Amendment." *Echols v. Lawton,* 913 F.3d 1313, 1320 (11th Cir. 2019), *cert. den'd,* No. 18-1358, 2019 WL 1902799 (U.S. Jun. 3, 2019)(quoting *United*

*States v. Alvarez,* 567 U.S. 709, 717 (2012) (plurality opinion) (alteration adopted) (citation and internal quotation marks omitted)).

In defamation cases brought under §1983, allegations of injury to reputation alone do not support a §1983 claim for denial of due process, and therefore must be accompanied by a constitutionally recognized injury. *Cypress Insurance Co. v. Clark,* 144 F.3d 1435, 1436 (11 Cir. 1998)(citing *Paul v. Davis,* 424 U.S. 693, 712 (1976)). A person's interest in reputation alone is not a protected liberty interest within the meaning of the due process clause. *Paul v. Davis,* 424 U.S. at 712. "This rule, labeled the 'stigma-plus' standard, requires a plaintiff to show that the government official's conduct deprived the plaintiff of a previously recognized property or liberty interest in addition to damaging the plaintiff's reputation." *Cypress Ins. Co.,* 144 F.3d at 1436–37 (citing *Paul v. Davis,* 424 U.S. at 712); *see also, Von Stein v. Brescher,* 904 F.2d 572, 580-81, 583-584 (11th Cir. 1990) (holding that plaintiff suing a police officer, who made an arguably lawful arrest of the plaintiff for which there arguably was probable cause, and who made defamatory statements to the media at the time of the plaintiff's arrest, did not make out a federal cause of action because the officer's statements did not extinguish or significantly alter any right guaranteed to the plaintiff).

Plaintiff has failed to state a defamation claim against Officer Rojas or any of the unnamed Defendants. While defamation may be a tort, it is not a violation of the

right to due process of law. *See Cypress Ins. Co.,* 144 F.3d at 1438. A person's interest in reputation alone is not a protected liberty interest under the due process clause. *Smith ex. rel. Smith v. Siegelman,* 322 F.3d 1290, 1296 (11th Cir. 2003)(citing *Paul v. Davis,* 424 U.S. 693, 701 (1976)). Plaintiff has not set forth sufficient allegations to support a due process claim arising from defamatory or slanderous information. Therefore, the amended complaint should be dismissed against Officer Rojas and the unnamed Defendants.

### 4. Invasion of Privacy Claim-Count III

Plaintiff alleges in conclusory fashion that his right to privacy has been invaded by the named defendants. [ECF 37, pp. 2-3]. "Under Florida law, the elements of the tort of invasion of privacy are: 1) the publication, 2) of private facts, 3) that are offensive, and 4) are not of public concern." *Spilfogel v. Fox Broad. Co.,* 433 F. App'x 724, 725 (11th Cir. 2011)(citing *Cape Publ'ns, Inc. v. Hitchner,* 549 So.2d 1374, 1377 (Fla. 1989)). Plaintiff has not alleged any facts sufficient to support the tort of invasion of privacy. Plaintiff has not stated what facts were "offensive," and not "of public concern." As alleged, the Amended Complaint fails to state an invasion of privacy claim upon which relief can be granted.

### 5. Intentional Infliction of Emotional Distress-Count II

Plaintiff has also failed to allege sufficient facts to support a claim of intentional infliction of emotional distress. In order to prove intentional infliction of

emotional distress, Florida law requires a plaintiff to prove: "(1) deliberate or reckless infliction of mental suffering; (2) by outrageous conduct; (3) which conduct must have caused the suffering; and (4) the suffering must have been severe." *See Hart v. United States,* 894 F.2d 1539, 1548 (11th Cir. 1990)(citing *Metropolitan Life Ins. Co. v. McCarson,* 467 So.2d 277, 278 (Fla. 1985) (adopting definition laid out in Restatement (Second) of Torts § 46); *Dominguez v. Equitable Life Assur. Soc. of the United States,* 438 So.2d 58, 59 (Fla.App.1983)).

Plaintiff has failed to allege facts demonstrating that the actions of Officer Rojas and the unnamed defendants were intentional, knowing it would cause Plaintiff severe suffering. *See Hart v. United States,* 894 F.2d at 1548 (quoting *Ford Motor Credit Co. v. Sheehan,* 373 So.2d 956, 958 (Fla. 1st DCA 1979)). He also has not demonstrated that the allegedly fraudulent information placed on his national criminal report was done so with the knowledge that it would cause him severe distress. Therefore, this claim should be dismissed for failure to state a claim upon which relief can be granted.

6. Negligent Emotional Distress Claim-Count I

Although far from clear in the complaint, to the extent Plaintiff is also alleging a claim of negligent infliction of emotional-mental distress against Officer Rojas and the unnamed defendants [ECF 37, p. 2], he does not state a claim upon which relief can be granted.

Plaintiff's claim of negligent infliction of emotional-mental distress must allege "either impact upon one's person or, in certain situations, at a minimum the manifestation of emotional distress in the form of a discernible physical injury or illness." *Gracey v. Eaker,* 837 So.2d 348, 355 (Fla. 2002). Plaintiff has alleged no facts to support such a finding. The allegations are insufficient to state a claim for negligent infliction of emotional distress. Therefore, this claim must be dismissed for failure to state a claim upon which relief can be granted.

7. <u>False Arrest and False Police Report</u>

Plaintiff alleges that he was falsely arrested by Officer Rojas, and that the officer falsified records used to deny him due process in a pending criminal prosecution in New York. [ECF 37, pp. 1-2]. In order to state a § 1983 claim for false arrest, Plaintiff must show he was arrested without probable cause. *Topa v. Kerbs,* 774 F. App'x 606, 607 (11th Cir. July 29, 2019)(unpub.)(citing *District of Columbia v. Wesby,* 137 S.Ct. 577, 584 (2018)). "Probable cause exists where circumstances create a probability or substantial chance of criminal activity, probable cause is not a high bar." *Topa,* 774 F. App'x at 607 (citing *District of Columbia v. Wesby,* 137 S.Ct. at 584). Plaintiff provides no facts to support a false arrest claim. Further, he has not alleged sufficient facts to support a finding that Officer Rojas or the remaining named and unnamed defendants, falsified records in order to violate Plaintiff's rights. Thus, any allegation of fabrication of probable

cause or false arrest should be dismissed for failure to state a claim upon which relief can be granted.

## V. Plaintiff's Motion for Sanctions [ECF 43]

Plaintiff has filed a motion for sanctions against the City, claiming that the City's filings are intended solely for the purpose of harassment, to cause unnecessary delay, and to waste valuable judicial time and resources. [ECF 43, p. 2].

Courts will impose sanctions, pursuant to Fed. R. Civ. P. 11: "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." *See Kaplan v. DaimlerChrysler, A.G.,* 331 F.3d 1251, 1255 (11th Cir. 2003). Rule 11 requires a two-step inquiry: (1) a determination whether the non-moving party's claims are objectively frivolous; and (2) whether the party should have been aware that the claims were frivolous. *See Adams v. Austal, U.S.A., L.L.C.,* 503 F. App'x 699, 703 (11th Cir. 2013) ("A court conducts a two-step inquiry when evaluating a motion for Rule 11 sanctions: (1) determining whether the non-moving party's claims are objectively frivolous; and (2) determining whether counsel [or a *pro se* party] should have been aware that they were frivolous.").

For the reasons previously stated in this Report, the City's motion to dismiss was not frivolous. Therefore, Plaintiff's motion for sanctions [ECF 43] should be denied.

### VI. Plaintiff's Motion for Summary Judgment-[ECF 44]

Plaintiff has also filed a motion for summary judgment claiming entitlement to judgment as a matter of law arising from his 2014 arrest by the City, Officer Rojas, and unnamed Defendants. [ECF 44].

A court will grant a summary judgment motion "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. A motion for summary judgment should not be considered on the merits until the non-movant has had an adequate opportunity for discovery. *See Smith v. Fla. Dep't of Corr.,* 713 F.3d 1059, 1064 (11th Cir. 2013)(citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 n. 5 (1986); Fed. R. Civ. P. 56(d)).

Plaintiff has filed a summary judgment motion before screening of the amended complaint and before service of process accomplished on the named defendants. [ECF 44]. The motion is premature. Moreover, for the reasons stated, Plaintiff has not shown that he is entitled to judgment as a matter of law.

## VII. Recommendations

Based upon the foregoing, it is recommended that:

(1)     the City's motion to dismiss [ECF 40] the Amended Complaint [ECF 37] be GRANTED;

(2)     the amended complaint [ECF 37] be DISMISSED as a shotgun pleading, and, in the alternative, for failure to state a claim upon which relief can be granted pursuant to § 1915A;

(3)     Plaintiff's motion for sanctions [ECF 43] be DENIED;

(4)     Plaintiff's motion for summary judgment [ECF 44] be DENIED, as moot;

(5)     the City's motion to strike [ECF 47] Plaintiff's motion for summary judgment be DENIED, as moot;

(6)     no further leave to amend be granted;

(7)     judgment be entered in favor of the defendants; and,

(8)     the case CLOSED.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections may bar plaintiff from a *de novo* determination by the District Judge of an issue covered in this report and may bar the parties from attacking on appeal factual findings accepted or adopted by the District Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. §636(b)(1); 11th Cir. Rule 3-1; *Thomas v. Arn,* 474 U.S. 140, 149 (1985); *Patton v. Rowell,* 678 F. App'x 898 (11th Cir. Feb. 2,

2017)(unpub.)(finding failure to raise argument in objections to report of magistrate judge bars later challenge or review on appeal).

SIGNED this 16th day of October, 2019.


_____
UNITED STATES MAGISTRATE JUDGE

cc:    Philander Philippeaux, *Pro Se*
       Reg. No. 05029-104
       F.C.I. - Coleman Low
       Inmate Mail/Parcels
       Post Office Box 1031
       Coleman, FL 33521

       William Hampton Johnson, IV, Esq.
       Attorney for Coral Springs Police Dep't
       Johnson, Anselmo, Murdoch, Burke, Piper & Hochman, P.A.
       2455 East Sunrise Blvd, Suite 1000
       Ft. Lauderdale, FL 33304
       Phone: (954) 463-0100
       Email: whjohnson@jambg.com